UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Daniel McBride, § | |
| PLAINTIFF § | |
| § | |
| § | |
| V. § | Civil Action: 4:25-cv-3022 |
| § | |
| City of Houston, Houston Professional § | |
| Fire Fighter's Association Local 341 § | |
| DEFENDANTS § | *Jury Trial Requested* |

## ORIGINAL COMPLAINT

**1a.** This action for civil rights violations arises under Title 42 of the United States Code Section 1983. Jurisdiction is conferred by Title 42 U.S.C. Section 1983 and Title 28 U.S.C. Sections 1331 and 1343.

**1b.** This action arises under the state of Texas claim for Breach of Fiduciary Duty. Jurisdiction is conferred by Title 28 U.S.C. Section 1367.

**2.** Venue is proper in this district under 28 section 1391 because a substantial part of the events or omissions giving rise to all claims occurred in this district.

### Parties

**3.** The plaintiff is Nicholas A. Dahl, who is a resident of the State of Texas, currently, and was a resident of Texas at the time of the occurrence giving rise to this action.

**4.** Defendant City of Houston is a municipality, whose leadership is located at City Hall. The address is 901 Bagby St, Houston, TX 77002. The City of Houston can be served by and through its city Secretary, Pat J. Daniel, located at 900 Bagby Street, Rm. P101 Houston, TX 77002.

**5.** Houston Professional Fire Fighter's Association Local 341 is a domestic entity, located at 1907 Freeman St, Houston, TX 77009.

1

## Facts

**6.** The City of Houston employs more than 21,000 employees.

**7.** Plaintiff has been a firefighter with 19 years of experience. Plaintiff has been employed with the Houston Fire Department for the same amount of years.

**8.** Plaintiff was a member of Houston Professional Fire Fighter's Association Local 341.

**9.** In February 2022, Plaintiff Daniel McBride was injured on the job while employed with the Houston Fire Department. He suffered a significant back injury that impeded his ability to discharge his customary obligations for the Fire Department. Mr. McBride's physician informed him that he would not be able to return to work unless Mr. McBride was allowed to only work light duty.

**10.** On around the spring or early summer of 2023, Mr. McBride met with the Houston Fire Department Chief, Chief Walker. They had discussed a plan for Mr. McBride to return to work. Mr. McBride had worked for the fire department in Houston for 19 years. He had a sizeable pension nearly vesting as a result of McBride's lengthy tenure with the Houston Fire Department.

**11.** Chief Walker, a direct policy make for the fire department given his role as fire chief, instructed McBride to complete a medical form, detailing his physical and medical limitations as a result of his injury. Chief Walker explained to McBride that once the form was completed and submitted, McBride would be allowed to return to light duty work.

**12.** The medical information sought was from McBride's physician, detailing the extent of his injury and physical limitations. McBride's physician helped Plaintiff to complete the form by providing the information that was sought.

**13.** McBride submitted the completed form, per policy, to Chief Walker, allowing McBride to return to work light duty. However, Chief Walker rejected the legitimacy of the information contained in the form, providing vague responses as to why the form and the information contained in it was rejected by the fire department. A few weeks after the fire department refused to allow McBride to return to light duty work, the fire department terminated McBride in July of 2023.

**14.** Throughout this ordeal, the union, Local 341, provided no representation or aid to McBride. McBride sought guidance and aid from Local 341, but instead, Local 341 breached its fiduciary duty to McBride, ignoring his requests for assistance in this disputed matter.

**15.** As a result of the Houston Fire Department's termination of McBride, McBride suffered injuries, including the loss of his pension that was built up over 19 years of service to the Houston Fire Department. Additionally, Daniel McBride has suffered emotionally due to the way he was treated and discarded unjustly. Furthermore, McBride suffered additional mental anguish due to being enraged at the lack of assistance from Local 341, a union of which, he was a member.

## Causes of Action

**16.** All causes of action are under some form of a Section 1983 violation, involving due process stigma plus, other forms of a deprivation of a liberty interest, and a class of one due process violation involving arbitrary and capricious conduct.

**17.** The City of Houston deprived Daniel McBride of a liberty interest, specifically, a policy maker, Chief Walker, deprived McBride of that interest. In this case, multiple liberty interests were deprived. McBride was deprived of his right to continue his employment with the

Houston Fire Department, a position he had held for 19 years. Additionally, the City of Houston Deprived McBride of his pension by terminating him just before his pension vested.

18. The state claim of breach of fiduciary duty against Local 341 is ripe due to Local 341's refusal to honor its fiduciary duty to McBride, denying him union representation and assistance after McBride sought their protection.

19. As a result of these violations, Defendant's conduct proximately caused

    a. lost and future wages

    b. mental anguish

    c. Lost pension that was about to vest

## Jury Demand

20. Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## PRAYER

21. Plaintiff respectfully prays that the Court award judgment in favor of Plaintiff for violation of Plaintiff's rights and that the Court award the following:

    a. actual and consequential damages, plus interest

    b. attorney's fees and costs of court

    c. all other relief that justice may require

Respectfully submitted,

The Bozeman Law Firm

/s/Marc Anson Bozeman
Attorney-In-Charge
Texas State Bar No. 24057044
6520 Broadway St., No. 633
Pearland, Texas 77581
Telephone: (832) 741-7950
mb@bozemanlitigation.com

ATTORNEY FOR PLAINTIFF