

# CITY OF HOUSTON
Legal Department

**John Whitmire**
Mayor

Arturo G. Michel
City Attorney
Legal Department
P.O. Box 368
Houston, Texas 77001-0368
City Hall Annex
900 Bagby, 4th Floor

T. 832.393.6491
F. 832.393.6259
www.houstontx.gov

November 18, 2025

The Honorable George C. Hanks, Jr.
United States Courthouse
515 Rusk St., Room 5300
Houston, TX 77002
VIA CM/ECF

**Re: *Daniel McBride v. City of Houston and Houston Professional Fire Fighter's Association Local 341*, Civil Case. No.: 4:25-cv-3022 before the United States District Court for the Southern District of Texas—Request for Pre-Motion Conference**

Defendant City of Houston ("City") in the above referenced action respectfully requests a pre-motion conference to discuss a prospective FED. R. CIV. 12(b)(6) motion to dismiss all claims against the City.

### A. *Monell Claim*

All three of the above claims are analyzed under the *Monell* framework as Plaintiff has sued a municipality for alleged violations of 42 U.S.C. § 1983. In order to establish municipal liability, a plaintiff must identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010). Plaintiff's claim should be dismissed because he cannot show that a policymaker was involved in the denial of his request for light duty. A municipal policymaker is someone who has "the responsibility for making law or setting policy in any given area of a local government's business." *City of St. Louis v. Praprotnik,* 485 U.S. 112, 125 (1988). Whether an official possesses final policymaking authority for purposes of municipal liability is a question of state and local law. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482 (1986).

Plaintiff McBride claims that "Fire Department Chief, Chief Walker" was a "direct policy make (sic) for the fire department given his role as fire chief" and that "Chief Walker [] deprived McBride of that [liberty] interest." Pl. Complaint at ¶¶ 10, 11, and 16. First, it is factually incorrect that Chief Walker[1]

---

[1] Defendant, based on a review of relevant documents, believes that individual referenced by Plaintiff in his pleadings is former Assistant Chief Shelby Walker, who was the Assistant Chief of HFD's Human Resources division.

was the Fire Chief in 2023. The Fire Chief is the leader of the Houston Fire Department, and the Fire Chief at the time was Samuel Peña. HOUSTON, TEX. CODE OF ORDINANCES §§ 34-52, 53. The Court can take judicial notice of the identity of the Fire Chief in 2023, even at this early phase.[2] The Fire Chief is the chief executive officer in the Houston Fire Department. HOUSTON, TEX. CODE OF ORDINANCES §§ 34-53. Accordingly, Chief Walker was an inferior office to the Fire Chief, and had no policymaking authority, and instead "assist[ed] the chief of the fire department in the administration of the department by performing duties as he may lawfully direct." HOUSTON, TEX. § CODE OF ORDINANCES § 34-54. The Fifth Circuit draws a distinction between a "policymaker" and a "decisionmaker" in *Monnell* claims. *Valle* at 542. A decisionmaker who has "discretion to exercise a particular function does not necessarily entail final policymaking authority over that function." *Id. at* 543 (citations omitted). The facts alleged by Plaintiff show that Chief Walker was a "decisionmaker" in that she evaluated Plaintiff's request for light duty, but was not a "policymaker" in that she did not draft the policies regarding the return to work. Additionally, Plaintiff pleads no facts connecting the alleged denial of his application for light duty and his termination. Plaintiff must show that a policy or custom was the moving force in the creating the constitutional violation, but does not do in his Complaint.

   B. **Stigma Plus**

The Fifth Circuit requires that individuals bringing §1983 stigma plus claims to show "the infliction of a stigma on the person's reputation by a state official" plus "an infringement of some other interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935-936 (5th Cir. 1995). The "stigma" prong of the test requires a plaintiff to show that the "stigma was caused by a false communication." *Id.* at 936. Further, the Fifth Circuit has "found sufficient stigma only where a state actor has made concrete, false assertions of wrongdoing on the part of the plaintiff." *Id.* There is no reference whatsoever in Plaintiff's pleading regarding any form of false communication related to an alleged wrong committed by Plaintiff. The only communications discussed in the substance of Plaintiff's pleadings are related to a medical form, and the Defendant's alleged rejection of the form. Pl. Complaint at ¶¶ 11-13. Plaintiff never alleges that Defendant accused, falsely or not, Plaintiff of any wrongdoing. Accordingly, Plaintiff's stigma plus claim should be dismissed.

   C. **Deprivation of a Liberty Interest**

Plaintiff describes the deprivation of his liberty interest in two ways. First, Plaintiff McBride claims a liberty interest in "his right to continue his employment with the Houston Fire Department." Pl. Complaint at ¶ 17. Second, Plaintiff contends he has a liberty interest in his pension, which had almost vested. *Id.* There is no cognizable liberty interest in either Plaintiff McBride's job with the Houston Fire Department or in his unvested pension.[3] The Fifth Circuit recognizes occupational liberty claims, but these types of claims relate to "a protectable liberty interest in pursuing an occupation of his choice" rather than a specific job with a specific employer. *Stidham v. Texas Com'n on Private Sec.*, 418 F.3d 486, 491 (5th Cir. 2005). A plaintiff pursuing an occupational liberty claim "must plead facts showing that [the defendant] effectively foreclosed him from practicing his chosen profession to show a

---

[2] The Court may take judicial notice of this fact at "any stage in of the proceeding." FED. R. EVID. 201(b)-(d).
[3] Plaintiff has notably not pleaded that he had a property right in his continued employment with the Houston Fire Department or that he was deprived of that right without procedural or substantive due process.

deprivation." *Adams v. City of Harahan*, 95 F.4th 908, 916 (5th Cir. 2024) (internal quotation omitted). "[A] plaintiff's liberty interest remains intact when the Government simply makes his efforts to remain in a given vocation more difficult or even nearly impossible." *Id.* (internal quotation omitted). Plaintiff has not pleaded that his termination from the Houston Fire Department made it impossible to work as a firefighter for a different employer.

Plaintiff, as a former Houston firefighter, was a participant in a municipal pension plan created and regulated by state law. *See* TEX. REV. CIV. STAT. ANN. art. 6243e.2(1) *et seq*. Texas courts have repeatedly characterized an individual's unvested pension benefits as an "expectancy" rather than a property right, because the Texas legislature can amend or repeal the laws which govern pension plans. *See e.g.*, *City of Dallas v. Trammell*, 101 S.W.2d 1009, 1012 (Tex. 1937); *Ex parte Abell*, 613 S.W.2d 255, 261-62 (Tex. 1981). Therefore, Plaintiff was not deprived of a property right in his unvested pension when he was terminated prior to attaining twenty years of service. However, the Supreme Court has confirmed that a protected "liberty interest may arise ... from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). But, notably, a benefit is not a protected interest "if government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (citation omitted). The pension fund that provides benefits to Houston firefighters is managed by a board, invested with the discretion to approve or deny applications for benefits. TEX. REV. CIV. STAT. ANN. art. 6243e.2(1) Sec. 1.E (h-2). Because the Board has the discretion to deny a request for pension benefits, Plaintiff had no liberty interest in an expected unvested pension.

### D. A Class of One Due Process Violation

Plaintiff cannot successfully claim an equal protection violation under a "class of one" theory because such a theory does not apply to public employment cases. In *Engquist v. Oregon Dep. Of Agr.*, 553 U.S. 591, 594 (2008), the Supreme Court considered a case of a public employee alleging she was arbitrarily treated differently from other similarly situated employees. The employee did not assert that she was a member of a protected class, but rather alleged that she was a part of a "class of one." *Id.* The Court held that "such a 'class-of-one' theory of equal protection has no place in the public employment context." *Id.* at 594. The Court noted that this rationale is common sense, considering that "government offices could not function if every employment decision became a constitutional matter." *Id.* at 599. (Citing *Connick v. Myers*, 461 U.S. 138, 143, (1983)). Supreme Court precedent clearly bars the claim for any public employee, including Plaintiff.

Respectfully,

*/s/Matthew P. Swiger*
MATTHEW P. SWIGER
Senior Assistant City Attorney
State Bar No. 24088495
Federal ID No. 2276929

3

Telephone: (832) 393-5941 (Direct)
matthew.swiger@houstontx.gov

City of Houston Legal Department
P.O. Box 368
Houston, TX 77001-0368
Main: (832) 393-6491
Fax: (832) 393-6259
***Attorney for Defendant City of Houston***

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with Marc Bozeman, counsel for the Plaintiff, regarding the substance of this letter via email and via phone on November 18, 2025. Mr. Bozeman indicated via a separate email on November 21, 2025 that Plaintiff intended to amend his lawsuit, and additionally respond to Defendant City of Houston's letter requesting a pre-motion conference pursuant to the Court's procedures. Counsel for Co-Defendant, Houston Professional Fire Fighter's Association Local 341, was copied on the email correspondence regarding the substance of Defendant City of Houston's proposed motion and request for conference.

*/s/Matthew P. Swiger*
Matthew P. Swiger

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served on all counsel of record via the CM/ECF system.

*/s/Matthew P. Swiger*
Matthew P. Swiger